**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL J. THOMPSON,**

             **Plaintiff,**

       **v.**                         **1:06-CV-1328**
                                       **(GLS/DEP)**

**MICHAEL J. ASTRUE,** as
Comissioner of Social Security,

             **Defendant.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Irwin M. Portnoy & Associates, PC    IRWIN M. PORTNOY, ESQ.
542 Union Avenue
Newburgh, NY 12550

**FOR THE DEFENDANT:**
HON. ANDREW BAXTER         MARGARET A. DONAGHY
United States Attorney            Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

BARBARA L. SPIVAK
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

## I.  Introduction

Plaintiff Michael J. Thompson challenges the Commissioner of Social Security's denial of benefits and seeks judicial review under 42 U.S.C. § 405(g).  Upon review of the administrative record, the court reverses the Commissioner's decision and remands for further proceedings consistent with this opinion.

## II.  Procedural History

On March 12, 1998, Thompson filed an application for social security disability insurance benefits (SSDI) and supplemental security income (SSI) under the Social Security Act (SSA), alleging disability due to leg injuries resulting from a car accident.  (Tr. at 137-39.)[1]  The application was denied following a hearing by Administrative Law Judge (ALJ) Lawson Brown.  (Tr. 63-71.)  Thompson then requested review by the Social Security Administration Appeals Council.  (Tr. at 72.)  On February 28, 2002, the Appeals Council remanded the case to ALJ Brown, who, upon reconsideration, again denied Thompson's claim.  (Tr. at 74-76, 101-108.)  The Appeals Council once again remanded the case for further consideration, and a new hearing was conducted on March 8, 2006, before

---

[1]"(Tr. )" refers to the page of the Administrative Transcript in this case.

ALJ Thomas P. Zolezzi.  (Tr. at 13-21, 119-20.)  On May 9, 2006, ALJ

Zolezzi issued a decision denying benefits, which became the final decision

of the Commissioner when the Appeals Council denied review on October

5, 2006 (Tr. at 5-7, 10-21, 514-55.)

On November 1, 2006, Thompson brought this action seeking review

of the Commissioner's final determination.  The Commissioner then filed an

answer and a certified copy of the administrative transcript.  Thompson

filed a brief, and the Commissioner responded.

## III.  **Contentions**

Thompson contends that the Commissioner's decision is not

supported by substantial evidence.  Specifically, Thompson claims that the

ALJ: (1) erroneously evaluated Thompson's past relevant work; (2)

improperly determined that Thompson's impairments did not meet or

medically equal a listed impairment under the regulations; (3) failed to

follow the treating physician rule; (4) improperly evaluated Thompson's

credibility; and (5) failed to employ a vocational expert.  The Commissioner

counters that substantial evidence supports the ALJ's decision.

## IV.  **Facts**

3

The evidence in this case is undisputed and the court adopts the

parties' factual recitations.  (Pl.'s Br. at 1-18, Dkt. No. 10:1; Def.'s Br. at 1-

6, Dkt. No. 13.)

## V.  Discussion

### A.    Standard and Scope of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. 405(g)[2] is well-established and will not be repeated here.  For a

full discussion of the standard, the court refers the parties to its previous

opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008

WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

### B.    Five-Step Disability Determination

A plaintiff seeking SSDI and SSI benefits is disabled if he can

establish an "inability to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which ... has

lasted or can be expected to last for a continuous period of not less than

twelve months ...."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

---

[2]The section 405(g) standard of review in disability insurance proceedings under Title II of the Social Security Act also applies to supplemental security income proceedings under Title XVI of the Act.  *See* 42 U.S.C. § 1383(c)(3).  Similarly, the analysis of supplemental income claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to disability claims under Title II.  *See Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

The Commissioner uses a five-step process to evaluate SSDI and SSI claims as set forth in the SSA regulations.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  This process is well-established and will not be repeated here.  For a full discussion of the process, the court refers the parties to *Christiana*, 2008 WL 759076, at \*1-2.

**C.    Analysis**

**1. Past Relevant Work**

Thompson argues that the ALJ incorrectly characterized his work as a telemarketer as past relevant work.  (*See* Pl.'s Br. at 19-20, Dkt. No. 10:1.)  Under the SSA regulations, "past relevant work" is work that "was done within the last 15 years, lasted long enough for [a claimant] to learn to do it, and was substantial gainful activity [SGA]."  Social Security Ruling (SSR) 82-62, 1982 WL 31386, at \*1 (S.S.A. 1982).  A claimant is presumed to have engaged in SGA if his average monthly earnings exceed the relevant amount set forth in the regulations.  *See* 20 C.F.R. §§ 404.1574, Table 1, 416.974, Table 1.

Work activity does not qualify as SGA or "past relevant work," however, if it is found to be an "unsuccessful work attempt."  20 C.F.R. §§ 404.1574(c), 416.974(c).  Initially, for work activity to be considered an

unsuccessful work attempt, the claimant's impairment must cause a

significant break in the continuity of his work.  *Id.*  In other words, there

must be a substantial lapse in time between claimant's injury and his

subsequent employment.  *See Miano v. Barnhart*, 118 Soc.Sec.Rep.Serv.

384, 2007 WL 764977, at *5, 6 (E.D.N.Y. Mar. 14, 2007).  The work activity

will then qualify as an unsuccessful work attempt only if, after working for a

period of six months or less, a claimant's impairment forces him to stop

working or reduces his earnings below the earnings requirements.  *Id.*  If

the employment lasted between three and six months, as it did here, it will

be considered an unsuccessful work attempt if(1) the employment was cut

short because of an impairment, and (2) the claimant's work performance

was unsatisfactory because of the impairment. *See id.* §§ 404.1574(c)(4),

416.974(c)(4).

        The ALJ in this case found that Thompson's job as a telemarketer

constituted past relevant work to which he could return given his residual

functional capacity (RFC).  (Tr. at 20.)  The court is not satisfied with this

determination.  Although Thompson's earnings as a telemarketer appear to

meet the SGA earnings standard described above,[3] and his employment

otherwise satisfies the "past relevant work" criteria, the record suggests

that the job may qualify as an unsuccessful work attempt.  Specifically, the

record indicates a significant break in Thompson's employment prior to the

job,[4] that Thompson performed the job for less than six months, and that he

may have been fired as a result of his impairment.[5]  (Tr. at 15, 253, 504-05.)

Given these facts—facts not addressed by the ALJ—the case is

remanded for clarification.  On remand, the ALJ is directed to determine

whether Thompson was fired from the telemarketing job due to his

impairment, or whether it was for other reasons.[6]  This inquiry is especially

relevant here because the ALJ ultimately found that Thompson could

---

[3]For the year 2000, the regulations require that earnings must average more than $700 per month to presumptively satisfy the SGA standard.  *See* 20 C.F.R. §§ 404.1574, Table 1, 416.974, Table 1.  The record establishes that Thompson earned approximately $180 per week as a telemarketer from February to June 2000.  (Tr. at 253.)

[4]Thompson was unemployed due to his injury for approximately thirty months prior to working as a telemarketer.  In *Miano v. Barnhart*, a shorter period was found to be a "significant break."  118 Soc.Sec.Rep.Serv. 384, 2007 WL 764977, at *6 (E.D.N.Y. Mar. 14, 2007) (two-year period).

[5]Thompson testified that his leg pain allowed him to sit for only fifteen to twenty minutes per hour, and required him to get up and move around frequently.  (Tr. at 504.)  When he got up from a seated position, he was required to "clock off" the job.  (Tr. at 504.)  According to Thompson, this caused his employer to question his productivity and ultimately terminate his employment.  (Tr. at 505; *see also* Pl.'s Br. at 20, Dkt. No. 10:1.)

[6]Thompson testified that his employer went out of business, but did not specify when or whether it contributed to his getting fired.  (Tr. at 505.)

perform his "past relevant work" as a telemarketer, work that would *not*

qualify as past relevant work if it constituted an unsuccessful work attempt.

If Thompson's work as a telemarketer is found to qualify as past relevant

work, the ALJ should inquire into the specific demands of Thompson's

telemarketing job, in compliance with the applicable regulations.  *See* 20

C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2); *see also* SSR 82-62, 1982

WL 31386.

## 2. Remaining Arguments

After careful review of the record and Thompson's remaining

arguments, the court finds that the remainder of the ALJ's decision is

supported by substantial evidence and is therefore affirmed.

## VI.  Conclusion

After careful review of the entire record, the Commissioner's denial of

benefits is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for

inquiry into the circumstances of Thompson's work as a telemarketer,

including an analysis of whether this work constituted past relevant work.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision denying disability benefits is

**REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and it is

further

   **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.


Dated: October 14, 2009
Albany, New York

United States District Court Judge