**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL J. THOMPSON,**

                      **Plaintiff,**

                v.                               **1:06-CV-1328
                                             (GLS/DEP)**

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Irwin M. Portnoy & Associates, PC<br>542 Union Avenue<br>Newburgh, NY 12550 | IRWIN M. PORTNOY, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>445 Broadway<br>218 James T. Foley Courthouse<br>Albany, NY 12207 | DENNIS J. CANNING<br>MARGARET A. DONAGHY<br>Special Assistant U.S. Attorneys |

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

On May 27, 2007, plaintiff Michael J. Thompson challenged the Commissioner of Social Security's denial of benefits and sought judicial review under 42 U.S.C. § 405(g). (*See* Dkt. No. 10.) After reviewing the administrative record, the court reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*See* Dkt. No. 19.) Pending is the Commissioner's motion and Thompson's cross-motion to alter or amend that judgment pursuant to FED. R. CIV. P. 59(e). (*See* Dkt. Nos. 22, 26.) For the reasons that follow, the Commissioner's motion is granted, Thompson's cross-motion is denied, and the court partially vacates its prior Order insofar as it reversed the Commissioner's decision and remanded the case.

### II. **Standard of Review**

Reconsideration of a court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *USA Certified Merchs., LLC v. Koebel,* 273 F. Supp.2d 501, 503 (S.D.N.Y. 2003) (citations and

internal quotation marks omitted).  A court should grant a motion to reconsider its previous ruling only if: "(1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice."  *Atl. States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 53 (N.D.N.Y. 1993) (citation omitted).  "The standard for granting a Rule 59(e) motion is strict and reconsideration is generally denied as Rule 59(e) motion is not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued."  *Weiss v. City of New York*, No. 96 Civ. 8281, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003) (citation and internal quotation marks omitted).

### III. Discussion[1]

**A.    Commissioner's Motion**

In its prior order, the court reversed the Commissioner's denial of benefits, explaining that while the ALJ's decision at steps one through three was supported by substantial evidence, the ALJ erred at step four in his

---

[1] The court assumes the parties' familiarity with the underlying facts and procedural history, which will only be repeated as relevant to the current motions.

analysis of Thompson's "past relevant work."[2] (*See* Oct. 14, 2009 Order at 5-8, Dkt. No. 19.) The Commissioner now seeks reconsideration of this reversal, contending that any error at step four was rendered harmless by the ALJ's alternative step-five finding that Thompson was able to perform other work available in the national economy. (*See* Comm'rs Mem. of Law at 2-4, Dkt. No. 22:2; *see also* Tr. at 20.) Because the court overlooked the ALJ's step-five finding in its prior order, it revisits the order and concludes that it erred in reversing the Commissioner's denial of benefits.

As the Commissioner correctly points out, a deficiency in an ALJ's step-four analysis does not require remand if the ALJ subsequently made a correct ruling at step five. *See Johnson v. Astrue*, No. 07-CV-647, 2009 WL 1650415, at *6 (W.D.N.Y. June 12, 2009) (explaining that failure to properly examine past relevant work is harmless when ALJ makes correct ruling at step five); *see also Harris v. Astrue*, 2009 WL 2342112, at *4 (E.D. Pa. July 27, 2009) (explaining that "even if there [is] an erroneous step four finding, it can be rendered harmless by the identification of other work consistent with the plaintiff's residual functional capacity at step five").

---

[2]Specifically, the court found that the ALJ failed to analyze whether Thompson's work as a telemarketer qualified as an unsuccessful work attempt before concluding that it constituted "past relevant work." (*See* Oct. 14, 2009 Order at 6-8, Dkt. No. 19.)

4

In making a step-five ruling, an ALJ may rely on the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2, as long as the claimant's age, education, work experience, and residual functional capacity (RFC) coincide with the criteria of a rule contained in those Guidelines.  20 C.F.R. §§ 404.1569, 416.969; *see also Marziliano v. Heckler*, 728 F.2d 151, 155 (2d Cir. 1984) ("[The ALJ] may rely on the Guidelines in determining the availability of alternative employment in the economy rather than introducing other evidence to that effect.") (citing *Heckler v. Campbell*, 461 U.S. 458 (1983)).  Here, the ALJ's ruling at step five was correct as he properly relied on and ruled in accordance with the Guidelines.  Specifically, given Thompson's age, education, work experience, and RFC, the Guidelines directed the ALJ to find, as he did, that Thompson was not disabled since he was able to perform other readily available work.  (*See* Tr. at 20-21 (relying on 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 202.13, 202.20).)  Therefore, because the ALJ's ruling at step five was proper, any error at step four in analyzing Thompson's past relevant work was harmless.  Accordingly, the portion of the court's prior Order reversing the ALJ's decision on the basis of a step-four error is vacated and the ALJ's decision in that regard is affirmed.

**B.**     **Thompson's Cross-Motion**

Thompson has also moved for reconsideration of the court's prior Order, principally challenging the ALJ's findings at steps one through three of the sequential analysis. However, having already concluded that the ALJ's findings, including at steps one through three, were supported by substantial evidence, and because Thompson has failed to show an intervening change in controlling law, the existence of newly available evidence, a clear error of law, or manifest injustice, reconsideration of the court's Order as to these findings is not warranted. Accordingly, Thompson's cross-motion to alter or amend is denied.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion to alter or amend is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying benefits is **AFFIRMED** in its entirety; and it is further

**ORDERED** that Thompson's cross-motion to alter or amend is **DENIED**; and it is further

**ORDERED** that the court's October 14, 2007 Order is otherwise

**AFFIRMED**; and it is further

     **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 9, 2010
Albany, New York

_____
United States District Court Judge